**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Molly A. Brooks (MB 2360)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**GETMAN & SWEENEY, PLLC**
Michael J.D. Sweeney (MS 7959)
Artemio Guerra (AG 2005)
9 Paradies Lane
New Paltz, New York 12601
Telephone: (845) 255-9370

FILED
CLERK

AUG 2005 PM 4: 14

U.S. COURT
DISTRICT
OF NEW YORK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

ANTHONY CHARLOT, ALAN REMACHE, and
JOSE TEJADA, individually and on behalf all
others similarly situated,

                        Plaintiffs,

    v.

ECOLAB, INC.,

                        Defendant.

CV 12 - 04543

WEXLER, J.

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

**BROWN, M.J.**

      Plaintiffs Alan Remache, Anthony Charlot, and Jose Tejada, ("Plaintiffs"),

individually and on behalf of all others similarly situated as class representatives, by their

attorneys, upon personal knowledge as to themselves and upon information and belief as

to other matters, allege as follows:

## NATURE OF THE ACTION

      1.     Defendant Ecolab, Inc. ("Ecolab") is a Fortune 500 company that had

revenues of over $6 billion in 2011. Ecolab has approximately 27,500 employees who

serve customers in more than 160 countries in a wide range of industries, including

equipment care.

      2.     Plaintiffs work for Ecolab as Route Managers performing maintenance,

installation, and repair services on commercial dishwashing equipment on Ecolab's

business customers' premises.

3.     Plaintiffs regularly work in excess of 40 hours in a week for which Ecolab does not pay them overtime at a rate of one and one-half their regular rate of pay.

4.     Throughout the relevant period, it has been Ecolab's nationwide policy to deprive its Route Managers of earned overtime wages.  In order to avoid paying Route Managers overtime premiums for hours they worked in excess of 40 in a workweek, Ecolab has uniformly misclassified them as exempt from federal overtime protections. The primary duties of these employees do not fall under any exemption.

5.     This case seeks to compel Ecolab to pay Plaintiffs and a class of similarly situated employees all of the wages they earned.

6.     By the conduct described in this Class Action Complaint, Ecolab has violated the Fair Labor Standards Act ("FLSA"), and the wage and hour laws of New York and New Jersey, by failing to pay its employees proper overtime compensation. These violations arose out of Ecolab's company-wide policies and its pattern or practice of violating wage and hour laws.

7.     Plaintiffs bring individual and representative claims to remedy these violations.  They bring their FLSA claims as a collective action, on their own behalf and on behalf of other similarly situated employees, under 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision, 29 U.S.C. § 216(b).

8.     Plaintiffs Tejada and Charlot also bring individual and representative wage claims under New York Labor Law Articles 6 and 19 and their implementing regulations ("New York Labor Law") as a class action pursuant to Fed. R. Civ. P. 23.

9.     Plaintiff Remache also brings individual and representative claims under

2

New Jersey Wage and Hour Laws, N.J.S.A. §§ 34:11-56a *et seq.*, and the supporting regulations, N.J. Admin. Code §§ 12:56-1.1 *et seq.*, and New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1-33.6 (collectively, "New Jersey Labor Law") as a class action pursuant to Fed. R. Civ. P. 23.

## THE PARTIES

### The Plaintiffs

10.    Plaintiffs' written consents to be parties to this action are attached hereto.

11.    Plaintiff Tejada resides in East Meadow, New York.

12.    Plaintiff Tejada was employed by Ecolab in New York as a Route Manager from approximately June 2009 through the present.

13.    Plaintiff Charlot resides in Uniondale, New York.

14.    Plaintiff Charlot was employed by Ecolab in New York as a Route Manager from approximately 2008 through February 2011.

15.    Plaintiff Remache resides in Clementon, New Jersey.

16.    Plaintiff Remache has been employed by Ecolab in New Jersey as a Route Manager from approximately February 2012 through the present.

17.    Pursuant to Ecolab's policy and pattern or practice, Plaintiffs regularly worked more than 40 hours per week for Ecolab's benefit without overtime compensation.

### The Defendant

18.    Defendant Ecolab, Inc. is a Delaware corporation that develops and markets technologies and services to the food, energy, healthcare, and hospitality industries.  Its services include cleaning, pest control, and equipment maintenance.   Its

customers, located in over 160 countries throughout the world, include hotels, restaurants, health and educational facilities, convenience and grocery stores, commercial and institutional laundries, and car washes.

19.     Ecolab's corporate headquarters are located at 370 Wabasha Street, St. Paul, Minnesota 55102.

20.     Ecolab maintains control, oversight, and direction over Plaintiffs' work, including the payroll and other employment practices therein.

21.     Plaintiffs Tejada and Charlot performed work on behalf of Ecolab in New York.

22.     Plaintiff Remache performed work on behalf of Ecolab in New Jersey.

23.     Ecolab functioned as the "employer" of Plaintiffs as that term is used in all relevant laws.

## JURISDICTION AND VENUE

24.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

25.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

26.     The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

27.     At least one member of the proposed class is a citizen of a state different from that of Ecolab.

28.     Plaintiffs' claims involve matters of national or interstate interest.

29.     Upon information and belief, citizenship of the members of the proposed class and/or collective is dispersed among a substantial number of states.

30.     Upon information and belief, greater than two-thirds of the members of all proposed plaintiff class and/or collective in the aggregate are not citizens of the same state.

31.     Upon information and belief, Ecolab is subject to personal jurisdiction in New York.

32.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

33.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York and Ecolab is subject to personal jurisdiction in the Eastern District of New York.

## CLASS ACTION ALLEGATIONS

### The New York Class

34.     Jose Tejada ("Tejada") and Anthony Charlot ("Charlot") bring the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who have worked for Ecolab in New York between November 18, 2009, and the date of final judgment in this matter in a non-supervisory capacity, who regularly performed maintenance, installation, and repair services on commercial dishwashing equipment on the premises of Ecolab's customers, including but not limited to Route Managers, Route Sales Managers, and Service and Sales Route Managers (the "New York Class").

35.     Excluded from the New York Class are Ecolab's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time

5

during the class period has had, a controlling interest in Ecolab; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

36.     The persons in the New York Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Tejada or Charlot, the facts on which the calculation of that number can be based are presently within the sole control of Ecolab.

37.     Upon information and belief, the size of the New York Class is at least 50 workers.

38.     Ecolab acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

39.     The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

a.     whether Ecolab failed to keep true and accurate time records for all hours worked by Tejada and Charlot and the New York Class;

b.     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.     whether Ecolab failed and/or refused to pay Tejada and Charlot and the New York Class overtime pay for hours worked in excess of 40 hours per

workweek;

        d.     the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class;

        e.     whether Ecolab has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA and New York Labor Law; and

        f.     whether Ecolab's policy of misclassifying workers was instituted willfully or with reckless disregard of the law;

    40.    Tejada's and Charlot's claims are typical of the claims of the New York Class they seek to represent. Tejada and Charlot and the New York Class members work or have worked for Ecolab and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Ecolab acted and refused to act on grounds generally applicable to the New York Class, thereby making declaratory relief with respect to the New York Class appropriate.

    41.    Tejada and Charlot will fairly and adequately represent and protect the interests of the New York Class. They understand that, as class representatives, they assume a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. Tejada and Charlot recognize that as a class representative, they must represent and consider the interests of the New York Class just as they would represent and consider their own interests. They understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the New York Class. They recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class. Tejada and Charlot understand that in order to provide adequate

representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

42.    Tejada and Charlot have retained counsel competent and experienced in complex class action employment litigation.

43.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New York Class have been damaged and are entitled to recovery as a result of Ecolab's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Ecolab's practices.

### The New Jersey Class

44.    Alan Remache ("Remache") brings the Third Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who have worked for Ecolab in New Jersey between September 11, 2010, and the date of final judgment in this matter in a non-supervisory capacity, who regularly performed maintenance, installation and repair services on commercial dishwashing equipment on the premises of Ecolab's customers, including but not limited to Route Managers, Route Sales Managers, Service and Sales Route Managers (the "New Jersey Class").

8

45.      Excluded from the New Jersey Class are Ecolab's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Ecolab; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New Jersey Class.

46.      The persons in the New Jersey Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Remache, the facts on which the calculation of that number can be based are presently within the sole control of Ecolab.

47.      Upon information and belief, the size of the New Jersey Class is at least 50 workers.

48.      Ecolab acted or refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New Jersey Class as a whole.

49.      The Third Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the New Jersey Class that predominate over any questions solely affecting individual members of the New Jersey Class, including but not limited to:

a.      whether Ecolab failed to keep true and accurate time records for all hours worked by Remache and the New Jersey Class;

b.      what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

9

c.      whether Ecolab failed and/or refused to pay Remache and the New Jersey Class overtime for hours worked in excess of 40 hours per workweek within the meaning of the N.J.S.A. §§ 34:11-56a *et seq.*, and the supporting New Jersey State Department of Labor Regulations, N.J. Admin. Code §§ 12:56-1.1 *et seq.*;

d.      the nature and extent of New Jersey Class-wide injury and the appropriate measure of damages for the New Jersey Class;

e.      whether Ecolab has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA and New Jersey Labor Law; and

f.      whether Ecolab's policy of misclassifying workers was instituted willfully or with reckless disregard of the law;

50.      Remache's claims are typical of the claims of the New Jersey Class he seeks to represent. Remache and the New Jersey Class members work or have worked for Ecolab and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Ecolab acted and refused to act on grounds generally applicable to the New Jersey Class, thereby making declaratory relief with respect to the New Jersey Class appropriate.

51.      Remache will fairly and adequately represent and protect the interests of the New Jersey Class. He understands that, as a class representative, he assumes a fiduciary responsibility to the New Jersey Class to represent its interests fairly and adequately. Remache recognizes that as a class representative, he must represent and consider the interests of the New Jersey Class just as he would represent and consider his own interests. He understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the New

10

Jersey Class.  He recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New Jersey Class. Remache understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

52.     Remache has retained counsel competent and experienced in complex class action employment litigation.

53.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New Jersey Class have been damaged and are entitled to recovery as a result of Ecolab's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New Jersey Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Ecolab's practices.

## COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiffs bring FLSA claims, the First Cause of Action, on behalf of themselves and all similarly situated persons:

> who have worked for Ecolab during a period of three years prior to the filing of this complaint and the date of final judgment in this matter in a non-supervisory

capacity, who regularly performed maintenance, installation and repair services on commercial dishwashing equipment on the premises of Ecolab's customers, including but not limited to Route Managers, Route Sales Managers, Service and Sales Route Managers (the "FLSA Collective").

55.     Ecolab is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective.  Upon information and belief, there are many similarly situated current and former employees of Ecolab who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Ecolab, are readily identifiable, and can be located through Ecolab's records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

56.     All of the work that Plaintiffs, the New York Class, and the New Jersey Class (collectively "Class Members") have performed has been assigned by Ecolab and/or Ecolab has been aware of all of the work that Plaintiffs and the Class Members have performed.

57.     As part of its regular business practice, Ecolab intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws.  This policy and pattern or practice includes but is not limited to:

a.  willfully failing to record all of the time that their employees, including Plaintiffs and the Class Members, have worked for the benefit of the Ecolab;

b.  willfully failing to keep payroll records as required by the FLSA and state wage and hour laws;

12

c. willfully misclassifying the Plaintiffs and the Class Members as exempt from the requirements of the FLSA; and

d. willfully failing to pay their employees, including Plaintiffs and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week.

58. Upon information and belief, Ecolab's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and state wage and hour laws. Upon information and belief, Ecolab applied the same unlawful policies and practices to workers nationwide.

59. Upon information and belief, Ecolab was or should have been aware that state and federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

60. Ecolab's failure to pay Plaintiffs and the Class Members overtime wages for their work in excess of 40 hours per week was willful.

61. Ecolab's unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' FACTUAL ALLEGATIONS

**Plaintiff Tejada**

62. Tejada's primary job duties are performing maintenance, installation, and repair services on commercial dishwashing equipment on Ecolab's business customers' premises.

63. Tejada regularly worked more than 40 hours per workweek.

64. Pursuant to Ecolab's policy and pattern or practice, Ecolab classified Tejada as exempt from overtime pay requirements and willfully failed to pay him a

proper overtime premium for hours he worked for Ecolab's benefit in excess of 40 hours per workweek.

65. Ecolab failed to keep accurate records of Tejada's hours worked.

**Plaintiff Charlot**

1. Charlot's primary job duties are performing maintenance, installation, and repair services on commercial dishwashing equipment on Ecolab's business customers' premises.

2. Charlot regularly worked more than 40 hours per workweek.

3. Pursuant to Ecolab's policy and pattern or practice, Ecolab classified Charlot as exempt from overtime pay requirements and willfully failed to pay him a proper overtime premium for hours he worked for Ecolab's benefit in excess of 40 hours per workweek.

4. Ecolab failed to keep accurate records of Charlot's hours worked.

**Plaintiff Remache**

5. Remache's primary job duties are performing maintenance, installation, and repair services on commercial dishwashing equipment on Ecolab's business customers' premises.

6. Remache regularly worked more than 40 hours per workweek.

7. Pursuant to Ecolab's policy and pattern or practice, Ecolab classified Remache's exempt from overtime pay requirements and willfully failed to pay him a proper overtime premium for hours he worked for Ecolab's benefit in excess of 40 hours per workweek.

8. Ecolab failed to keep accurate records of Remache's hours worked.

14

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.
### On behalf of Plaintiffs and the FLSA Collective

9.      Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

10.     Ecolab engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

11.     At all times relevant, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

12.     The overtime wage provisions set forth in the FLSA apply to Ecolab and protect Plaintiffs and the FLSA Collective.

13.     Ecolab was an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

14.     At all times relevant, Plaintiffs and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

15.     Ecolab employed Plaintiffs and the FLSA Collective as an employer.

16.     Ecolab failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

17.     Ecolab failed to keep accurate records of time worked by Plaintiffs and the FLSA Collective.

18.     Ecolab's violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional.

19.     Ecolab did not make a good faith effort to comply with the FLSA with

15

respect to its compensation of Plaintiffs and the FLSA Collective.

20.    Because Ecolab's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

21.    As a result of Ecolab's violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142
### On behalf of Plaintiff Tejada and Charlot and the New York Class Members

22.    Tejada and Charlot reallege and incorporate by reference all allegations in all preceding paragraphs.

23.    Ecolab has engaged in a widespread pattern, policy, and practice of violating New York Labor Law Articles 6 and 19 and their implementing regulations, as detailed in this Class Action Complaint.

24.    New York Labor Law requires employers, such as Ecolab, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week.

25.    Tejada and Charlot and the New York Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

26.    Throughout the New York Class Period, and continuing through the present, Tejada and Charlot and the New York Class members worked in excess of forty hours in a workweek.

27.    During the New York Class Period, Ecolab misclassified Tejada and

Charlot and the New York Class members as exempt from overtime pay entitlement and failed to pay them overtime premium pay for their overtime hours worked.

28.     As a direct and proximate result of Ecolab's unlawful conduct, as set forth herein, Tejada and Charlot and the New York Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Ecolab in an amount to be established at trial, liquidated damages, reasonable attorneys' fees and costs of the action, and interest.

**THIRD CAUSE OF ACTION**
**New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.*, and the supporting**
**regulations, N.J. Admin. Code §§ 12:56-1.1 *et seq.***
**On behalf of Plaintiff Remache and the New Jersey Class Members**

29.     Remache realleges and incorporates by reference all allegations in all preceding paragraphs.

30.     Ecolab has engaged in a widespread pattern, policy, and practice of violating New Jersey Law, as detailed in this Class Action Complaint.

31.     New Jersey Wage and Hour Laws, N.J.S.A. §§ 34:11-56a *et seq.*, and the supporting regulations, N.J. Admin. Code §§ 12:56-1.1 *et seq.*, and New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1-33.6 (collectively "New Jersey Labor Law") requires employers, such as Ecolab, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week.

32.     Remache and the New Jersey Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

33.     Throughout the New Jersey Class Period, and continuing through the present, Remache and the New Jersey Class members worked in excess of forty hours in a workweek.

34.     During the New Jersey Class Period, Ecolab misclassified Remache and the New Jersey Class members as exempt from overtime pay entitlement and failed to pay them overtime premium pay for their overtime hours worked.

35.     As a direct and proximate result of Ecolab's unlawful conduct, as set forth herein, Remache and the New Jersey Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Ecolab in an amount to be established at trial, reasonable attorneys' fees and costs of the action, and interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action and that Ecolab provide Plaintiffs with names, addresses, telephone numbers, and other contact information, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit been employed by Ecolab and who fall within the FLSA Collective described in this Class Action Complaint.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages; and

B.     Unpaid wages;

C.     An additional 100 % as liquidated damages under the FLSA;

D.     An additional 100% liquidated damages under the NYLL for the New York Class;

E.     Certification of the state law claims in this action as class actions

and that the case proceed as a collective action as to the FLSA claims. (Plaintiffs reserve the right to plead individual state law wage claims for individuals who have joined this action and put Ecolab on notice that they may seek to do so);

F.    Designation of Plaintiffs as Class Representatives;

G.    A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

H.    Appropriate equitable and injunctive relief to remedy Ecolab's violations, including but not necessarily limited to an order enjoining Ecolab from continuing its unlawful practices;

J.    Pre-Judgment and Post-Judgment interest, as provided by law;

K.    Such other injunctive and equitable relief as the Court may deem just and proper; and

L.    Attorneys' fees and costs, including expert fees.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated:    New York, New York
          September 11, 2012

Respectfully submitted,

Justin M. Swartz

OUTTEN & GOLDEN LLP
Justin M. Swartz (JS 7989)
Molly A. Brooks (MB 2360)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

19

**GETMAN & SWEENEY**
Michael J.D. Sweeney (MS 7959)
Artemio Guerra (AG 2005)
9 Paradies Lane
New Paltz, New York 12561
Telephone: (845) 255-9370

**Attorneys for Plaintiffs and the Putative Class**

## CONSENT TO SUE UNDER THE FLSA

I, Anthony Charlot, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, to secure any unpaid wages, minimum wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with ECOLAB, INC. and any other associated parties.

I authorize Getman & Sweeney, PLLC, and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 9/7/12

Anthony Charlot

## CONSENT TO SUE UNDER THE FLSA

I, Alan Remache,  hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, to secure any unpaid wages, minimum wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with ECOLAB, INC. and any other associated parties.

I authorize Getman & Sweeney, PLLC, and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 9/4/12

Alan Remache

## CONSENT TO SUE UNDER THE FLSA

I, Jose Tejada, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, to secure any unpaid wages, minimum wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with ECOLAB, INC. and any other associated parties.

I authorize Getman & Sweeney, PLLC, and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 9-11-12

Jose Tejada