UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ANTHONY CHARLOT, ALAN REMACHE, JOSE TEJADA, GREGORY GERMUSKA, GARWYN RICHMOND, MATT RIGGS, CHRISTOPHER HENDLEY, AND KRISTOFFER WRIGHT,

    Plaintiffs,

    v.

ECOLAB, INC.,

    Defendant.

Civ. No. 18-10528 (KM) (MAH)

OPINION and ORDER

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on a motion to stay proceedings pending appeal. On December 17, 2019, this Court granted class certification for plaintiffs Alan Remache and Kristoffer Wright in an action concerning the outside-sales exemption of New Jersey's Wage and Hour Law ("NJWHL"). (DE 402 & 403).[1] On January 14, 2020, defendant, Ecolab, Inc., moved to stay proceedings in this lawsuit, pending resolution of its Rule 23(f) appeal of that class certification order to the Third Circuit. (DE 406).

For the following reasons, the motion is **DENIED**. I write for the parties and do not repeat my prior analysis; familiarity with the matter is assumed.

## I. STANDARD OF REVIEW

Rule 23(f) provides that an appeal of an order granting or denying class-action certification "does not stay proceedings in the district court unless the district judge or the court of appeals so order." Fed. R. Civ. P. 23(f). As to the circumstances compelling such an order, decisions agree that the Third Circuit has not promulgated any rigid rule, instead leaving it the district courts'

---

[1]     "DE __" refers to the docket entry number in this case.

discretion. *See, e.g., Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 411 (D. Del. 2010); *King Drug Company of Florence, Inc., v. Cephalon, Inc.*, Nos. 06–1797, 06–1833, 06–2768, 2015 WL 9244638 at *3 (E.D. Pa. Dec. 17, 2015).[2]

Some courts have suggested applying a preliminary injunction standard in considering whether to grant a stay. *See, e.g., In Re Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 140 (2d Cir. 2001); *Blair v. Equifax Check Serv., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999); *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 3 (D.D.C. 2002). Were this Court to adopt that approach and apply Third Circuit jurisprudence, defendants would have to establish that their appeal "(1) is likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of [a stay], (3) that the balance of equities tips in their favor, and (4) that [a stay] is in the public interest." *HR Staffing Consultants LLC v. Butts*, 627 Fed. Appx. 168, 171 (3d Cir. 2015).

Both parties have presented their arguments under the rubric of the preliminary injunction standard. That standard, however, must be applied in a context-sensitive manner. As the Seventh Circuit has observed, the heart of the analysis is whether "the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting." *Blair*, 181 F.3d at 835. I find the preliminary injunction factors helpful and will apply them, as the parties suggest.[3]

---

[2] Indeed, further specificity would perhaps be superfluous, because an appellate remedy is immediately at hand. The Federal Rules contemplate that a motion for a stay in the district court is ordinarily a prerequisite, but that the Court of Appeals may then take up the matter on its own. *See* Fed. R. App. P. 8(a).

[3] I leave open the possibility, however, that other equitable considerations might affect a court's decision in a particular case. For example, a court might find that certain matters, such as discovery as to individual claims, could profitably continue irrespective of the Court of Appeals' disposition of class certification.

## II. DISCUSSION

### A. Likelihood of Success

In deciding a request for a stay, the district court "must predict both the likelihood that the Third Circuit will grant Defendants' Petition, and the likelihood that the Third Circuit will agree with Defendants on the substantive merits." *Johnson*, 269 F.R.D. at 412. In deciding whether to grant an interlocutory appeal under Rule 23(f), the Third Circuit looks at "(1) the possible case-ending effect of an imprudent class certification decision (the decision is likely dispositive of the litigation); (2) an erroneous ruling; or (3) [if an immediate appeal would] facilitate development of the law on class certification." *Newton v. Merrill Lynch, Pierce, Fener & Smith, Inc.*, 259 F.3d 154, 165 (3d Cir. 2001).

One week after this Court certified the class against Ecolab, the Third Circuit issued a decision in *Ferreras v. American Airlines, Inc.*, a putative class action brought under the NJWHL by the airline's employees at Newark Liberty International Airport. 946 F.3d 178 (3d Cir. 2019). That decision is the basis of Ecolab's argument that it will succeed on the merits of its appeal:

> Just as in *Ferreras*, Plaintiffs' "claims are, at bottom, that they were not paid overtime compensation for hours worked" under the NJWHL. *Ferreras*, [946 F.3d at 185]; *see* [DE 265] at ¶¶ 62–71, 121–154, 175–181. Whether any plaintiff(s) is (are) owed overtime requires answering individualized questions about their actual duties performed. Consequently, the fact that Ecolab classifies its Route Sales Managers (RSMs) as exempt in its job descriptions and corporate policies does not, by itself, "generate common *answers*" that predominate over the RSM-by-RSM factual questions that would arise at trial. *Wal-Mart* [*Stores, Inc. v. Dukes*], 564 U.S. [338,] 350 [(2011)] (emphasis in original).

(DE 406 at 3).

This case, too, is at bottom, an overtime-wage dispute, but the questions posed by the RM class are different in critical ways from the ones at issue in *Ferreras*. The proposed class in *Ferreras* consisted of all non-exempt hourly American Airlines employees at Newark Airport. 946 F.3d at 180. The

3

complaint alleged that it was American Airlines' policy not to pay its employees for all time worked because the company's timekeeping system defaulted to paying employees based on their work schedules rather than on the time they actually spent working. *Id.* The court noted two questions common to the class:

> first, whether hourly-paid American employees at Newark airport are not being compensated for all hours worked, and second, whether American has a policy that discourages employees from seeking exceptions for work done outside of their shifts.

*Id.* at 185. Neither question, the court found, lent itself to a common resolution:

> The first question cannot be answered by common evidence about the timekeeping system because a yes or no answer tells us nothing about actual common work habits, if there are any. The plaintiffs will still need to go through the process of proving that each individual employee worked overtime and is thus entitled to additional compensation, regardless of any common evidence about American's timekeeping system.
>
> Similarly, the second question cannot drive resolution of the plaintiffs' case because, again, their claims are, at bottom, that they were not paid overtime compensation for hours worked, not that American's overarching policy regarding exceptions has deprived anyone in particular of compensation to which he or she was entitled.[4].

*Id.* at 185–86.

*Ferreras* binds this court and its reasoning is well worthy of consideration, but I do not believe it applies very directly here. The common issue here is *not* whether, on a case-by-case basis, a particular RM was eligible for overtime, and, but for Ecolab's misclassification, would have received it. Instead, the question common to this class—and the one that could be resolved

---

[4] The Third Circuit also noted that the district court had certified subclasses and that even if one subclass was affected, the answer would not drive the resolution of the litigation on a classwide basis. *Ferreras*, 946 F.3d at 186 (citing *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 129 (3d Cir. 2018)). Because this case did not certify subclasses, that concern is not relevant here.

4

on a classwide basis—is "whether Ecolab misclassified the RMs as exempt from overtime eligibility." (DE 402 at 21). By contrast with *Ferreras*, no individual issues here that require resolution before a factfinder can determine if Ecolab's wage-and-hour policy violates the NJWHL.

The Third Circuit in *Ferreras* also noted that the district court did not satisfy Rule 23's commonality (and predominance) requirement because an airline employee would still have to put forth individualized proof to show that he or she was actually working during the time periods at issue. 946 F.3d at 129. Issues of individualized proof are not at issue here, because the question is whether the RMs are entitled to overtime pay in the first place.

Without overstepping my role any more than this stay motion requires me to do, I will hazard a prediction that *Ferreras* will not determine the outcome of Ecolab's appeal. Accordingly, Ecolab has not shown a likelihood of success on the merits.[5]

**B. Irreparable Harm**

Ecolab insists that it will suffer irreparable harm if a stay is not entered because (1) it will pressured to settle with "a class that there are substantial good-faith reasons to think cannot exist under Rule 23's text, Supreme Court and Third Circuit precedent, and the facts of this case;" and (2) distributing

---

[5] Ecolab also argues that by omitting mention of *Charlot v. Ecolab, Inc.*, 136 F. Supp. 3d 433 (E.D.N.Y. 2015), and *Schneider v. Ecolab, Inc.*, No. 14-1044, 2016 WL 7842018 (N.D. Ill. Sept. 3, 2016), the opinion certifying the class "has left the indelible impression that [the Court] failed to consider Ecolab's arguments or to resolve them in a way that reassures the litigants and the public that its decision to certify this class of RMs was truly the result of rigorous analysis." (DE 416 at 6). The assumption underlying this argument is incorrect. In fact, those decisions emanated from courts in other circuits, concerned different classes, and featured different factual records. Notwithstanding the fact that those decisions do not bind this Court, even the Eastern District's summary judgment opinion in the earlier days of this dispute reserved issues for this Court to resolve. There, Judge Matsumoto declined to fully address the outside-sales exemption of the state-law issues at stake here. *See Charlot*, 136 F. Supp. 3d at 471 n.11. The opinion thus does not bind the case in its current posture, because resolution of the outside-sales-exemption issue is the classwide question now presented by the RMs.

5

class notice and conducting discovery will be needlessly expensive. (DE 406 at 4).

The first point is essentially a recasting of Ecolab's argument with respect to its likelihood of success on the merits. That is, Ecolab argues, because the Third Circuit will likely overturn the class certification order, it is unfair to allow discovery, and the attendant pressures to settle, to continue. I have already rejected that argument, because I do not believe the Third Circuit's *Ferreras* decision resolves this dispute.

Ecolab's second point is similarly unconvincing. Litigation costs as such generally not rise to the level of irreparable harm. *Bordeaux v. LTD Financial Services, L.P.*, No. 16-243, 2018 WL 1251633 at *2 (D.N.J. March 9, 2018) (citing *Heinzl v. Cracker Barrel Old Country Store, Inc.*, No. 14 -1455, 2016 WL 5107173 at *2 (W.D. Pa. June 8, 2016) ("In every case, a party may have to expend money on discovery that could later be deemed unnecessary if the case is reversed on appeal, but that fact does not transform such expenses into irreparable harm.")). Additionally, "merely [] rewording [] defendant's merits arguments" in terms of irreparable harm will not suffice. *Id.*[6]

Ecolab will not suffer irreparable harm if a stay is not entered.

### C. Balance of the Equities and the Public Interest

Ecolab argues that Plaintiffs will not be harmed by the stay and that because judges in the Northern District of Illinois and the Eastern District of New York did not certify classes of RMs in their suits against Ecolab, the public interest favors a stay. I do not agree, however. Plaintiffs filed this lawsuit over seven years ago, and a stay would only further delay their case. The NJWHL is a remedial statute, the purpose of which is to ensure a fair distribution of earned wages. Further delays of an adjudication in this case will hinder Plaintiffs' ability to prove their claims and could prejudice their ability to

---

[6]    Ecolab's argument is further undercut by the fact that Plaintiffs will bear the cost of notifying class members. I do not overlook, however, that either side's sunk costs tend to increase the cost, and potentially reduce the likelihood, of settlement.

adequately represent their interests. *See Wyeth v. Abbott Laboratories*, No. 9-4850, 2011 WL 380902 at *2 (D.N.J. Feb. 1, 2011)

It is also not true that "inconsistent rulings" here incentivize forum shopping. The federal courts in Illinois and New York did not address the NJWHL claims at issue here, and it is doubtful that NJWHL claims would be adjudicable in those fora in the first place. Indeed, this case was, on Plaintiffs' motion, transferred to this court from the Eastern District of New York. (DE 337). In any event, adjudicating NJWHL claims expeditiously serves the public interest by ensuring that the statute meets its goal of protecting wage earners.

On balance, the factors weigh in favor of Plaintiffs' position not to stay the proceedings.

### ORDER

Accordingly, for the reasons set forth above,

**IT IS** this 1st day of April 2020,

**ORDERED** that the motion of defendant Ecolab, Inc. to stay proceedings pending resolution of its Rule 23(f) petition (DE 406) is **DENIED**.

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**